IN THE MATTER OF THE ADOPTION OF B.L.S.

CA 94-814                                901 S.W.2d 38

Court of Appeals of Arkansas
Division II
Opinion delivered July 5, 1995

*Central Arkansas Legal Services*, by: *Shellie L. Moore*, for appellant.

No response.

JOHN E. JENNINGS, Chief Judge. Eva Lynette Swain filed a petition in Pulaski County Probate Court to adopt her infant niece, BLS. After a hearing, the probate judge declined to grant the adoption and Ms. Swain appeals. She contends that the probate judge erred in determining that the adoption was not in the best interest of the child. We agree and reverse and remand.

At the time of the hearing Ms. Swain was twenty-two years old. The child was born on June 6, 1993, in Little Rock and shortly after birth was left with Ms. Swain to care for. The child's mother is Zeneta Watson and her father is Clyde Swain, appellant's brother. Both Ms. Watson and Mr. Swain filed consents to the adoption. Ms. Swain has never been married. She is five feet nine inches tall and weighs approximately 350 pounds. She has asthma which prevents her from being able to work and has been declared totally and permanently disabled for social security purposes. Her income consists of social security benefits, AFDC benefits, and food stamps. She is a high school graduate and indicated a desire to enroll in a vo-tech program to become a medical assistant sometime in the future. She is a member of Victory Baptist Church in North Little Rock.

A home evaluation done by the Pulaski County Children and Family Services described Ms. Swain's seven-room apartment as well kept and comfortably furnished. The social worker described in detail Ms. Swain's excellent care of the child and recommended that the child be placed with Ms. Swain.

At the hearing the social worker testified that Ms. Swain had the facilities and resources to provide for the care of the child and that it was in the child's best interest that she be adopted by Ms. Swain. Ms. Swain also testified that she was financially able to care for the child and that she wanted to adopt her because she loved her.

The trial court found that the proposed adoption was not in the child's best interest. This was the appropriate standard in the probate court. *See* Ark. Code Ann. § 9-9-214(c) (Repl. 1993). In making that finding the trial court relied on three factors: (1) that Mr. Swain had never formally established paternity, (2) that Ms. Swain was unmarried, and (3) that Ms. Swain could not support the child.

On appeal we review probate proceedings de novo and do not reverse the trial court's decision regarding the best interest of the child to be adopted unless it is clearly against the preponderance of the evidence, giving due regard to the opportunity and superior position of the trial court to judge the credibility of witnesses. *In re Perkins/Pollnow*, 300 Ark. 390, 779 S.W.2d 531 (1989); *In re BAB*, 40 Ark. App. 86, 842 S.W.2d 68 (1992).

▮ In the case at bar, the probate judge herself stated that Mr. Swain's failure to formally establish paternity was not a major factor to be considered. We agree. The second factor considered by the trial court was that Ms. Swain was unmarried, but Ark. Code Ann. § 9-9-204 (Repl. 1993) specifically provides that an unmarried adult may adopt a child.

▮ It is evident that the primary reason the petition for adoption was denied was the fact that appellant was on social security disability and drawing AFDC benefits. It has been held that the mere fact that a parent is dependent on AFDC benefits will not provide a basis for a change in custody. *Tiggelaar* v. *Tiggelaar*, 433 N.W.2d 145 (Minn. Ct. App. 1988). The record shows that Ms. Swain receives a total of $527.00 monthly in social security benefits and AFDC benefits and that her rent and utilities total $197.00 monthly. We think the trial court's finding that Ms. Swain was unable to support the child is clearly against a preponderance of the evidence.

The case is reversed and remanded to the probate court for the entry of a decree of adoption.

Reversed and Remanded.

PITTMAN, J., and BULLION, S.J., agree.